WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clifford Lee Begay,<br><br>    Plaintiff,<br><br>v.<br><br>Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | No. CV-17-08177-PCT-ESW<br><br>**ORDER** |

Pending before the Court is Clifford Lee Begay's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of his claim for supplemental security income. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. §§ 405(g), 1383(c). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 19).

After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 22, 23, 24), the Court finds that the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence and is free of harmful legal error. The decision is therefore affirmed.

# I. LEGAL STANDARDS

## A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for supplemental security income to certain individuals who are aged 65 or older, blind, or disabled and have limited income. 42 U.S.C. § 1382. To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(A)(3)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id*.

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. §§ 404.1520(a), 416.920(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.
>
> **Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment meets

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**<u>Step Four:</u>** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. §§ 404.1520(f), 416.920(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**<u>Step Five:</u>** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. §§ 404.1520(g), 416.920(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id.*

**B. Standard of Review Applicable to ALJ's Determination**

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Although "substantial evidence" is less than a preponderance, it is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

---

[2] *Parra*, 481 F.3d at 746.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). This is because the ALJ, not the Court, is responsible for resolving conflicts, ambiguity, and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court must also consider the harmless error doctrine when reviewing an ALJ's decision. This doctrine provides that an ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1963, has been employed as a construction worker, carpenter, drywall applicator, and house repairer. (A.R. 43, 58). In 2013, Plaintiff filed an application for supplemental security income. (A.R. 141-49). Plaintiff's application alleged that on June 1, 2013, he became unable to work due to "[r]ight hip replacement, right knee problems." (A.R. 58, 141). Social Security denied the application on February 21, 2014. (A.R. 68-71). In July 2014, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 75-78). Plaintiff sought further review by an ALJ, who conducted a hearing in May 2016. (A.R. 26-46).

In a July 11, 2016 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 13-21). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-6). Plaintiff filed a Complaint (Doc. 1) requesting judicial review and reversal of the ALJ's decision.

### B. The ALJ's Application of the Five-Step Disability Analysis

The ALJ completed all five steps of the disability analysis before finding that Plaintiff is not disabled and entitled to disability benefits.

#### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 9, 2013, the application date. (A.R. 15). Neither party disputes this determination.

#### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following impairments that are severe when they are considered in combination: "status post open reduction internal fixation (ORIF) right knee, a remote history of hip replacement, and ORIF left ankle (20 CFR 416.920(c))." (A.R. 15). This determination is undisputed.

#### 3. Step Three: Presence of Listed Impairment(s)

The ALJ stated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 15). Neither party disputes the ALJ's determination at this step.

#### 4. Step Four: Capacity to Perform Past Relevant Work

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), except that Plaintiff "is able to walk for 2 hours in an 8 hour workday, but can stand for 6 hours in an 8 hour worday; he uses a cane to walk. He can stoop only to sit, and must not kneel or crouch or crawl."

(A.R. 16). Based on the RFC, the ALJ determined that Plaintiff is unable to perform his past relevant work. (A.R. 19). Plaintiff disputes the ALJ's assessed RFC, arguing that the ALJ improperly evaluated the opinions of two of Plaintiff's treating physicians. (Doc. 22 at 5-7).

### 5. Step Five: Capacity to Perform Other Work

At the May 2016 hearing, a vocational expert ("VE") testified that given Plaintiff's assessed RFC, age, work experience, and education level, Plaintiff would be able to work as a mail clerk, order caller, and ticket seller. (A.R. 44). The ALJ concluded that based on the VE's testimony, Plaintiff's age, education, work experience, and RFC, Plaintiff is capable of performing jobs that exist in significant numbers in the national economy. (A.R. 21). As such, the ALJ found that Plaintiff is not disabled. In his Opening Brief, Plaintiff argues that the ALJ failed to meet the burden at step five by establishing that Plaintiff can perform other work existing in significant numbers. (Doc. 22 at 7-8). Plaintiff, however, has withdrawn that argument in his Reply (Doc. 24 at 2).

### C. Plaintiff's Challenge to the ALJ's Evaluation of the Opinions of Plaintiff's Treating Physicians

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight should be given to a treating physician's opinion than to the opinion of a non-treating physician. *Id.* An ALJ cannot reject a treating physician's opinion in favor of another physician's opinion without first providing specific and legitimate reasons that are supported by substantial evidence, such as finding that a treating physician's opinion is inconsistent with and not supported by the record as a whole. 20 C.F.R. § 404.1527(c)(4) (ALJ must consider whether an opinion is consistent with the record as a whole); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th

Cir.2002); *Tommasetti*, 533 F.3d at 1041 (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

In a March 20, 2015 progress note, Dr. J. Denise Wells stated: "I told [Plaintiff] that he cannot return to any [heavy work] until 1 year following fracture but could do office type work or retraining." (A.R. 443). In a June 19, 2015 progress note, Dr. Andre P. Edmonds stated that "I am not so sure why I am seeing [Plaintiff] today . . . . He really doesn't have any problems . . . . . He moves around pretty good he has excellent range of motion of his hip and his knee." (A.R. 524). Dr. Edmonds stated that "It is not fair to me to complete him for disability when I think he is managing pretty good . . . . He be suitable for a sitting job." (*Id.*).

In her decision, the ALJ stated "[a]s for the opinion evidence, I note that none of the claimant's treating physicians, has indicated that he is unable to work, is limited to a degree that is more restrictive than the residual funcational capacity, or even that he has *any* work related functional limitations." (A.R. 18). Plaintiff asserts that ALJ erred by "not say[ing] what weight she gave [Drs. Wells and Edmonds'] opinions and did not say why she did not adopt their limitations to sedentary in her RFC finding." (Doc. 22 at 5).

It is well-settled that an ALJ, not the Court, is responsible for resolving conflicts, ambiguity, and determining credibility. *Magallanes,* 881 F.2d at 750; *see also Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's duty to resolve conflicts and ambiguity in the evidence does not mean that the ALJ must discuss *all* evidence presented to him or her. *See Vincent v. Heckler,* 739 F.2d 1393, 1394-95 (9th Cir. 1984) (the Commissioner need not discuss all evidence presented). Rather, an ALJ must explain why "significant probative evidence has been *rejected.*" *Id.* at 1395 (emphasis added); *see also Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (ALJ is not required to discuss evidence that is neither significant nor probative). An ALJ's interpretation of a physician's opinion does not necessarily constitute a rejection of that opinion. For example, in *Orteza v. Shalala,* 50 F.3d 748, 750 (9th Cir. 1995), a claimant's treating physician opined that the claimant could perform a

"sedentary type job." The ALJ concluded that the physician did not use the term to mean "sedentary work" as defined by Social Security regulations. *Id.* The ALJ assessed that the claimant could perform file clerk work, which Social Security regulations define as "light work." *Id.* at 751. On appeal, the claimant attached a letter from the physician, which stated that the physician intended to use the term "sedentary" within the regulations' technical meaning. *Id.* The Ninth Circuit Court of Appeals agreed with the ALJ's interpretation of the physician's opinion as there "was no evidence at all before the ALJ" to indicate that the physician meant that the claimant could only perform "sedentary work" as defined by Social Security regulations. *Id.* at 750. The Court also refused to remand the case for consideration of the physician's newly-submitted letter as the claimant did not establish good cause for failing to submit the evidence during the administrative proceedings. *Id.* at 751. Finding that substantial evidence supported the ALJ's conclusions, the Court affirmed the ALJ's decision. *Id.*

Contrary to Plaintiff's assertion, Drs. Wells and Edmonds did not opine that Plaintiff's conditions limited him to sedentary work. Dr. Wells did not define the use of the phrase "office type job." (A.R. 443). Nor did Dr. Edmonds define "sitting job." Plaintiff has the burden of proof in establishing that the ALJ committed harmful legal error in the disability analysis. *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."). Plaintiff is ultimately responsible for providing the evidence to be used in making the RFC finding. *Andrews,* 53 F.3d at 1040 (a claimant bears the burden of proving entitlement to disability benefits); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (claimant carries burden to present "complete and detailed objective medical reports" of his or her condition from licensed medical professionals). Plaintiff could have requested that Drs. Wells and Edmonds answer interrogatories or be subpoenaed at the administrative hearing to clarify their statements, but Plaintiff did not. Thus, similar to *Orteza,* there was no evidence at all before

the ALJ as to Drs. Wells and Edmonds intended definitions of "office type work" and "sitting job."

Plaintiff has failed to show how Drs. Wells and Edmonds' statements are inconsistent with the ALJ's assessment of Plaintiff's RFC. As such, the Court finds that the ALJ did not improperly ignore or reject Drs. Wells and Edmonds' statements. The Court further finds that the ALJ's interpretation of Drs. Wells and Edmonds' records is reasonable and supported by substantial evidence.

### III. CONCLUSION

Based on the foregoing,

**IT IS THEREFORE ORDERED** affirming the decision of the Commissioner of Social Security. The Clerk of Court shall enter judgment accordingly.

Dated this 7th day of November, 2018.

_____
Eileen S. Willett
United States Magistrate Judge